534

BAYORK REALTY CORPORATION, Respondent, *v.* THE STATE OF NEW YORK, Appellant.
(Claim No. 24349.)

Third Department, July 2, 1937.

*John J. Bennett, Jr., Attorney-General* [*G. Frank Dougherty* of counsel], for the appellant.

*Fishel, Oliver & Barnard* [*Philip E. Barnard* of counsel], for the respondent.

HILL, P. J.  The State has appealed from a judgment of $135.66 which the claimant has recovered as damages for trespass by the Long Island State Park Commission between December 11, 1935, and February 11, 1936, upon 4.07 acres of that portion of the Jones Beach Development commonly known as Muncie Island.  The claimant obtained its title by a deed from Bay Islands Holding Company, Inc., dated June 3, 1935.  This claim is related to and an aftermath of *Bay Islands Holding Co., Inc., v. State of New York* (*No. 21806*) and *Bay Islands Holding Co., Inc., v. State of New York* (*No. 21807*), decided by the Court of Claims on December 30, 1933.  Those judgments were affirmed by this court (242 App. Div. 725) in July, 1934.  The earlier claims, for the sake of brevity, hereinafter will be designated as "Bay Islands," the present as "Bayork."  The judgment under Claim 21806 compensated Bay Islands for 5.8 acres of upland and 9.8 acres of land under water appropriated June 20, 1930, and under Claim 21807 for 6.5 acres of upland and 5.9 acres of land under water, appropriated August 14, 1930, a total of 28 acres.  The lands taken in the *Bay Islands* matter were described in the notice of appropriation as the lots, giving block and number, as plotted on "revised map of Muncie Island  *  *  *  by Claire D. Schlemmer, C. E., Islip, N. Y., April 1, 1913, scale 80′=1″."  No appeal was taken to the Court of Appeals from the decision of the Appellate Division affirming the Court of Claims.  After the amount of the judgments was paid by the State, the Bay Islands Corporation conveyed lands on Muncie Island to this claimant, the Bayork Corporation.  The deed contains an explanatory clause in part as follows: "It being intended to convey all the right, title and interest of the party of the first part and every part thereof in and to the island in the Great South Bay in the Town of Babylon, County of Suffolk, State of New York, known as Muncie Island including lands shown on a certain map entitled 'revised map of Muncie Island  *  *  *'  *  *  *  filed in the County Clerk's Office of Suffolk County as map No. 221 filed April 1st, 1913, and together with all accretion to said island and every part thereof and together with all riparian rights."

The effect of this judgment giving damages for trespass is to establish that the State, having taken only the lands described in the 1913 map, is not the owner of 4.07 acres added to the island by accretion after 1913. The assertion of the State now is that it received through appropriation and a confirmatory deed dated August 2, 1934, all of the lands located on Muncie Island belonging to the Bay Islands Company at the date of the two appropriations in the *Bay Islands* proceeding. Unquestioned historical facts leave little doubt that Muncie Island was enlarged through accretion after 1913 and before the appropriation by the State and at the time of the appropriation was in fact no longer an island, as in 1918 a storm of unusual violence broke through the outer beach and opened a new inlet from the ocean to the bay near the island, and storms and tides of the ocean ultimately filled in the narrow strip of water which had separated the island from the outer beach. By the same causes it was enlarged through accretion in other directions.

The increase in the size of the island was slow and almost imperceptible, and the law is settled that land so gained belongs to the riparian or littoral owner. (*Mulry* v. *Norton*, 100 N. Y. 424; *Matter of City of Buffalo*, 206 id. 319; *Town of Hempstead* v. *Lawrence*, 147 App. Div. 624.) Thus it is unquestioned that the Bay Islands Company, at the time of the appropriations by the State which gave rise to Claims 21806 and 21807, owned the island as it existed in 1913 when the map was drawn, and also any land formed through accretion between the date of the map and the time of the appropriation. The question is, did the State obtain only the land appearing on the map, or all of the land owned by the Bay Islands Company, including that formed through accretion.

A comparison of the positions taken by the respective parties in the *Bay Islands* proceeding and in this the *Bayork* proceeding discloses inconsistencies on both sides. The same person who was president of the Bay Islands Corporation at the time that proceeding was before this court, is now the general manager of the Bayork Corporation. In that proceeding it was the claim of Bay Islands that the State had appropriated and taken the entire island, including accretions. This is plainly indicated by the proof, and on the first page of the brief submitted by defendant to the Appellate Division the following is found: " The two claims included all of the property on Muncie Island owned by the claimant." Claimant's request to find that the island contained slightly over thirty acres was refused, the court adopting the State's theory of twenty-eight acres (the claimant's request was in terms of square feet but a computation gives the result in acres which I mention). The

confirmatory deed of August 2, 1934 given by claimant to the State recited that it conveyed all of the Bay Islands real property located on Muncie Island. If this be the fact, then the Bayork Corporation received nothing under the deed from Bay Island. But, honors are even, for the State now takes as anomalous a position as the claimant. During the Bay Island trial the supervising engineer of the Long Island State Park Commission was sworn as a witness and when questioned concerning accretion, stated, " we appropriated only these lots on Muncie Island " (referring to the 1913 map of the lots there shown). The State's trial counsel stated in the same connection and at the same time, " Well, we have only appropriated the property within the bounds of this island. And whatever accreted to it, we did not appropriate." The confirmatory deed in the *Bay Islands* proceeding contained in addition to the part earlier quoted, the following: " There is included herein all right, title and interest of the grantor to every part and parcel owned by the party of the first part in and to Muncie Island situate in the Great South Bay, County of Suffolk and State of New York. This deed is given to confirm an appropriation heretofore made by the People of the State of New York of the premises above described." The State's title examiner, who prepared the deed from which I quote, was a witness in the *Bayork* proceeding, and testified: " Q.   Will you just tell us briefly what Mr. Besdine (the president of the former Bay Islands Company and now the general manager of the Bayork Company) said to you in that conversation with regard to that aspect of the deed (the portion which I have quoted above) and what you said to him?   A.   He wanted me to take it out in the first place; he didn't want to sign the deed, so I told him that I wouldn't send the matter over for approval and payment unless I got the deed, so I told him it was a confirmatory deed, and he said ' if I have any other land there; suppose I have some other land there? '.   I said ' if you have any other property why that will be taken care of. This won't affect it.' "

Directly after the appropriation in the *Bay Islands* proceeding, the State began to fill in the island by pumping sand from the ocean and the elevation was substantially changed. It was impossible, through inspection or measurement, to ascertain at the time of the trial the exact acreage appropriated two years earlier. Witnesses who testified concerning conditions prior to the fill disagreed about the size of the island, the range of the tides and, therefore, as to the extent of uplands and tide lands. The same is true of the evidence in the case under review.

In the *Bay Islands* proceeding the State contended that only 28 acres of land were appropriated, and the Court of Claims so found. The claimant asserted that the land appropriated measured slightly more than 30 acres. That issue was litigated and argued in this court (242 App. Div. 725). Two of the judges dissented from the order of affirmance (the writer was one of the dissenters). The Court of Claims, by this judgment, has found that there are 4.07 acres of land on Muncie Island which the State did not appropriate and take in the *Bay Islands* proceeding, and it may well be the fact that there were accreted lands at the time of the Bay Islands appropriation for which the company received no pay. The evidence in that case indicates only two acres.

However, the circumstances which seem to me to be decisive of this case are (1) the statement in the confirmatory deed given by the Bay Islands Company. Its terms may not be modified or changed through statements made by a State employee. (2) In the decision of the Court of Claims in the *Bay Islands* matter the following finding appears: " That by the two appropriations, all of the lands of the claimant [Bay Islands Company] or its assignor, Molder Realty Corporation, on Muncie Island were appropriated by the State." The Bay Islands Company did not except to or question this finding. Such being the fact, there remained no land on Muncie Island which the Bay Islands Company owned and could convey to claimant. Thus the State has not trespassed on the lands of claimant.

The judgment of the Court of Claims should be reversed on the law and facts, and the claim dismissed.

RHODES, CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Judgment reversed, on the law and facts, with costs, and claim dismissed.

The court reverses findings of fact numbered 11 and 14, and makes the following new findings of fact:

That the Bay Islands Holding Company, Inc., claimant's grantor, by a confirmatory deed following an appropriation of land by the State and the trial of the claims in connection therewith by the Court of Claims, conveyed all the land which it owned on Muncie Island to the State of New York, and by the decision in the proceeding before the Court of Claims to determine the value of the land appropriated by the State on Muncie Island, it was found and determined that the State had appropriated all the land belonging to the Bay Islands Holding Co., Inc., on Muncie Island; that this claimant received no land from the Bay Islands Holding Co., Inc., by the deed dated June 3, 1935. No trespass was committed.